Consolidated case numbers 19-1385 and 19-1453. United States of America v. Babubhai Rathod. Arguments not to exceed 15 minutes per side. Mr. Devan, you may proceed for the appellant. Okay, thank you. Mr. Devan, your microphone is on mute. May it please the court. Mark Devan on behalf of Appellant Babubhai Rathod. We've appealed to the court the defendant's sentence, which is the equivalent of 12 years 10 months, and we believe that it should be as little as 46 months under the sentencing guidelines. Primarily, the grounds for our appeal are that the court did not substantiate the reasons for an obstruction of justice enhancement, the denial of the acceptance of responsibility provisions of the guidelines, and because it imposed a consecutive sentence for a supervised release. As to the primary grounds for this appeal, we note that the court failed to make findings on obstruction of justice. By way of background, there were two entities then involved that Mr. Rathod was involved in. One was called Shacky Estates, owned in his wife's name, and the other was New Visions, also owned in his wife's name. During the pre-sentence investigation of this matter, Mr. Rathod revealed that there was a Shacky Estates, and when asked whether he could liquidate assets in that matter, he noted that his wife was the owner and that he did not have that authority. By way of supplementing the argument, you could also note that there were forfeiture matters involved in this, and Mrs. Rathod had to sign off on that, which again substantiates the fact that she had the authority over any assets in Shacky Estates. The counsel elephant in the room is that this was not your client's first rodeo. I think the district court judge was pretty frustrated with the client's actions. Now, maybe that frustration is what led to error, but in a setting in which she's had many chances to look at this case, you really got to clarify the error, because she's going to have some discretion in having had a second look at this, and given his conduct the second time, you can understand some frustration. So, how did her exasperation lead to real clear illegal error? Because under the guidelines, under Commentary Note 5, the obstruction notes that for Section 3C1.1, obstruction does not normally apply to incomplete or misleading information. Moreover, the guidelines adopt the elements of the statutory obstruction offense, in that it furthermore, there must be evidence that the defendant willfully obstructed justice, and so there was no record made of this. I might note that the probation officer testified about the supervised release violation, but was never asked anything about that obstruction and how it might materially affect the proceedings below. And in addition, it appears, and I agree with the court, it appears the court was very frustrated by my client having been before her before. However, and I would note from the record that she said three things. Mr. Rathod has been before me. She said his credibility... I'm sorry. Oh, geez. He said his credibility was completely absent, and his ownership and control of Shakiva Estates and New Vision, he failed to disclose that. Well, that doesn't amount to a finding of materiality, nor does it show that he willfully withheld this information. I would further note that the evidence in the case that we are aware of is he revealed Shakiva Estates and New Vision, and he did not reveal Shakiva Estates. Furthermore, New Vision was already on the radar of the government under investigation, and not only was he not the owner of New Vision, it involved an entirely different and completely different type of alleged fraud, which has been prosecuted by the government. So it's clear that the court on remand must conduct another hearing and determine the materiality of this, and also to determine whether or not he willfully withheld that evidence as to obstruct justice. But what's your take on the government's harmless heir argument that the district court said no matter the calculation of the guidelines, she would have come to the same place? Well, I think that she can't get to that place without first finding materiality, because then clearly what she's doing is departing or varying upward because of her frustration with Mr. Rathod. Well, you can use the word frustration, someone might also use the word insight, but the key point is there's an awful lot of discretion with district court judges to vary up or down. In fact, they're actually allowed to disagree with the guidelines, which is pretty serious confirmation of the discretion trial judge has about sentencing. That case law that provides for disagreement with the guidelines is based upon a philosophical or a principled disagreement with guidelines. Isn't the materiality apparent? No, it's in the context of restitution. Well, it's not unless there's some evidence to demonstrate that. And there was no stipulation about materiality, no one agreed to the materiality. You have to have some evidence about that in order to tie that into how that would in fact, affect the sentencing in this case. But we know that it was in the context of a discussion about his assets for the purpose of getting restitution. But I will note for the court, there was no, we say it's in the context, but what was said? Did he volunteer, for instance, the information about Shacky Estates? Was he asked any other things that are relevant to your health care fraud? Or was he asked about any other entities in which he might have been involved? We don't know, absent some evidence to demonstrate that. We simply don't know. It's not in the record. And it should have been in the record before the court made this departure and obstruction and denied him acceptance of responsibility. Well, it wasn't counsel. It wasn't a departure on obstruction. It was an enhancement that was recommended in the PSR. I wanted to ask you, you're correct. There's definitely law that to impose an obstruction of justice enhancement, you have to identify what the obstruction was. Are there cases that say, having identified the obstruction, the judge also must make a finding on the record of willfulness and materiality? First point, you're clearly correct. The second I was a little more dubious on. Yeah. Isn't that really part of the holding of the Supreme Court case in the Morrison case? Because and which to answer the previous question requires that the record show more than simply he would, the court would have imposed that additional sentence. But isn't that also a part of the Supreme Court case? I believe it is. And I'll pull it up here in a moment. You'll have to forgive my notes. Wasn't that the most recent Supreme Court case on that? I've drawn a blank on that point. I'm sorry. All right. We can do further research. Go ahead. I'm sorry. Melina Martinez. There must be a detailed explanation and any lack of necessary findings does not provide that detailed explanation, which would, in fact, I think, prove the willfulness. And the willfulness, by the way, is... You're quoting Melina Martinez for, quote, detailed explanation of what? Just any sentence? No. To provide the elements of obstruction, Judge. Of obstruction. Yes. And when you said Morrison, is that the Sixth Circuit Morrison or you said a Supreme Court Morrison? I'm sorry. That's the Sixth Circuit Morrison. I see. Okay. Thank you. Thank you. And thank you for your patience with me on that, Judge. I would also point out that there are required... The guidelines require a finding of a deliberate and intentional attempt to obstruct justice. Well, that amounts to willfulness. And to answer your question, I believe that is right under the commentary to Note 5 to Section 3C1.1. Now, finding an obstruction, we think, in error. The court then... And I'm reluctant to use this draft in the denial of acceptance of responsibility. I would note that the plea agreement provided that the government would not oppose an acceptance of responsibility and, in fact, would move for the additional third level for acceptance of responsibility. And the plea agreement also provided that they may litigate an application of 3C1.1 obstruction or impeding the administration of justice at sentencing, which will not impact the government's position regarding acceptance of responsibility. So, in essence, the court was faced with recommendations in the plea agreement, non-binding recommendations, but recommendations nonetheless, and flew right past that once it to a guideline sentence of a total of 120 months on the health care fraud. Well, are you complaining that the government didn't keep its word or that the court erred in finding that obstruction negated the acceptance? I would say that the court erred in negating that leading the court or anything of that sort, given the circumstances here. However, by entering into that plea agreement, they were telegraphing to the court that acceptance of responsibility should apply to this case. But it was conditioned on the court's public acceptance. And the acceptance was there. I might note that the defendant pleaded guilty in a timely fashion so as to not impose on the government the time and the cost of preparing for trial. He admitted his guilt by way of his plea, and he acknowledged acceptance of his responsibility for what he did. All of the elements are there. And then the court decided that obstruction applied without a materiality fighting and without having any evidence as to this being a willful obstruction of justice. And then, of course, imposed this total of 154 months, 12 years, 10 months, which included a consecutive sentence on the supervised release. I see that your time is up. So if you pitch a full rebuttal, we'll hear from the government. We'll reserve two minutes. Thank you. Counsel, if I could just ask, can you see me? I can. Am I not seeing me? Okay, great. Good morning, and may it please the court. Adam Townsend on behalf of the United States. Before I dive into the substance of my argument, your honors, I'd like to address two of the I want to make it clear that that business was registered to Mr. Rathod's alias, Rick Patel, and that's an Exhibit J to the government's sentencing materials. His wife was listed as the owner of that company on an unexecuted contract, consistent with his entire fraud schemes of putting businesses in other people's names. But I want to make clear that that was his business. New Vision was registered to his alias, Rick Patel, and that was substantiated on the record of sentencing. It also was an argument that Mr. Rathod revealed Shockey Estates during sexual obstruction. The problem here is not that Mr. Rathod didn't reveal Shockey Estates. The problem is that he lied about it. He lied about his authority over it. He didn't disclose all of its assets. The only asset in Shockey Estates that he disclosed was $1,300 a month in rental income from some motels. He didn't disclose the six-figure commercial properties that that company held. And I should also note and question the purity of that disclosure, because if you look at page 100 of the record, Mr. Rathod fights the attribution of any of Shockey Estates' assets. Now, the district court sentencing here was exactly what we should hope and expect to see in a complex white-collar case. The court had extensive written briefing on the defendant's guideline objections before holding a three-hour hearing that involved witness testimony, over a dozen exhibits, and extended arguments on each of the contested matters. The court specifically considered and ruled on each of the defendant's objections, calculated the guidelines range, and thoroughly analyzed the 3553A factors before imposing an appropriate sentence. As to each of the issues the appellant raises, the district court made the appropriate rulings. And since the focus this morning here has been on obstruction, I'll start there. First, I'd like to address an argument in the appellant's brief about the claim necessity of testimony from the probation officer. Any testimony from probation was entirely unnecessary in this case, because unlike in Cozumel, Mr. Rathod never raised any issues about his pre-sentence interview. He never claimed confusion or mistake, and he never disputed what he said about his inability to liquidate assets. And he doesn't do it on appeal and the second was in March of 2019. Mr. Rathod didn't raise anything because there was nothing to raise. He was caught in straight lies that we proved at sentencing, and he's persisting in those lies on appeal by, again, disclaiming any authority over Shakia State and New Vision Resources. Now, with respect to the district court's specific findings on obstruction, the district court did make the necessary findings. First, with respect to Mr. Rathod's failure to disclose New Vision Resources, the court first found that Mr. Rathod owned, controlled, and operated that company. That's page 4711 of the transcript. The court then found that Mr. Rathod failed to disclose New Vision during the pre-sentence investigation, page 4712. And on page 4724, the court said conduct, quote, clearly amounted to obstruction. The district court went through the same exercise, Your Honors, with Mr. Rathod's lies about his authority over Shakia State, his lies about his property. And again, the district court found as a factual matter that Mr. Rathod owned, controlled, and operated Shakia State, regardless of whether it was in his wife's name. The court also found Mr. Rathod lied to his probation officer about it and again concluded on page 4724 that this clearly amounted to obstruction. Mr. Government's position is that those findings were absolutely sufficient to warrant the obstruction enhancement. But even if this court wants more specific findings on willfulness and materiality, the record supports those too. Particularly if you look at pages 4712 and 4724 of the record, the district court found that Mr. Rathod lied and he failed to disclose his business interests. Those were sufficient factual findings on willfulness. Now with respect to materiality, I think it's important that we application note six talks about information that would tend to influence an issue under determination. So here, would the non-disclosure tend to influence a sentencing determination regardless of whether it actually did? And Judge White, I agree with you. I think the materiality here is to some extent self-evident, but the materiality question really is one of relevance and not outcome determination. In Mr. Rathod's concealment of his assets and his concealment of business interests were material under that standard. Again, regardless of whether they had any actual impact on his fine or restitution, assets and bank accounts are certainly the kind of information that district courts would want to know about. The kind of information that would tend to influence those determinations. And also the fact that Mr. Rathod is using undisclosed businesses like New Vision Resources to launder other immigration fraud proceeds, really a that would tend to influence the court's decision about the appropriate punishment in the case and perhaps the appropriate conditions of supervised release. So the district court did make the appropriate factual findings on two alternative bases for the obstruction enhancement. And I think the record supports the findings of wilfulness and materiality. At the end of the day, the appellant's challenges on obstruction are factual in nature. He's re-litigating the issues he lost in the district court. And we've talked a little bit between the briefs on the different standards of review that apply on this court's review of an obstruction enhancement. But really, under any iteration of that standard, the court's factual findings are reviewed for clear error. The district court, based on all the facts we discussed in our brief, did not clearly err in finding that Mr. Rathod obstructed and making the factual findings necessary to support that conclusion. I certainly don't intend to, unless the court is interested, go into a rote listing of all those facts. The appellant does not engage those at all on appeal. But those facts are all in the record. I'm going to move now to acceptance. First of all, the record is not ambiguous on acceptance of responsibility. And I guess, first, I'd like to address Mr. Devan's argument about bootstrapping. There was no bootstrapping here. 3E1.1 basically says if the defendant obstructs justice, acceptance of responsibility is not appropriate. It's not bootstrapping. It's a function of the guidelines. And this idea about what the government was or was not telegraphing in the plea agreement about acceptance, of course, we signed and executed that plea agreement before we found out about all this obstruction that Mr. Rathod had engaged in. And even though we found out about it at sentencing, we still honored our obligation under the plea agreement. We still represented to the court that if it wanted to find acceptance, it would move for that third point. But based on Mr. Rathod's obstruction, the district court just couldn't agree that acceptance was appropriate. And I want to be clear, this is not a case like Cook, where you have two different bases for denying acceptance of responsibility, one permissible and one impermissible. And it's not clear what the district court chose. If you look at particularly pages 47, 23, and 24 of the transcript, and again, I should say I'm citing the pagination from the transcript that's been filed in 112 CR 17. I think the transcript is filed in both cases, but on pages 47, 23, and 24, the district court says it is not at all relying on Mr. Rathod's pre-plea conduct and is absolutely relying on obstruction to deny him acceptance. So the district court was clear in its choice. There is no ambiguity and Mr. Rathod was properly denied an acceptance reduction. Next issue I'd like to address is the role enhancement. The court here should affirm the application of a four-level role enhancement because Mr. Rathod was a leader organizer of a scheme that was otherwise extensive within the meaning of 3B1.1. And the standard of review here is clear air, but really under any standard of review, the proofs established that this healthcare fraud scheme was otherwise extensive within the numerosity principles articulated in Anthony. And I think it's important to start out the analysis here by stating that as the number of knowing participants increases, we have a greater likelihood that the scheme is otherwise extensive. The second circuit decision in Carrutzella that the appellant cites supports that proposition. And again, we're looking to establish the functional equivalent of five knowing participants. In this case, right out of the gate, we have four. We have Mr. Rathod, Dr. McCauley, and Shayla Rathod, none of whose participation, knowing participation was challenged in the district court and none of whose knowing participation is challenged on appeal. And based on her integral and extensive involvement in this healthcare fraud scheme, the district court did not clearly err in finding that Jackie Patel was a fourth knowing participant. So we have four knowing participants, and now we have to look at the others involved in this scheme who provided peculiar and necessary assistance at Mr. Rathod's direction. And we can choose from any number of people. We have Curtis Shane. In July of 2016, Curtis Shane formed advanced medical services at Mr. Rathod's direction in his name, in Mr. Shane's name. And that's important. And we're looking at the role enhancement. I think it really is important to understand what the offense is. And here, I think in his briefing, the appellant misconstrues this as kind of a traditional billing fraud, but that's not what this was. This was an enrollment fraud. And the concealment of Mr. Rathod's ownership and control of these healthcare providers was the very essence of the scheme. And Mr. Shane did that for Mr. Rathod at Mr. Rathod's direction by organizing advanced medical services in his name. Then you saw Mr. Rathod directing Chandu Patel to form two separate shell holding companies, one to hold the interests of Easy Sleep Supplies, the other to hold the interests of Paramount Home Care. And that was a second layer of concealment because Easy Sleep and Paramount were listed in other people's names. And then you had these shell holding companies that Mr. Rathod directed that were listed in Chandu Patel's name. Again, a second layer of concealment. Dr. Agha allowed Mr. Rathod to use his name to enroll advanced medical services in Medicare, again, concealing Mr. Rathod's involvement. And then once these companies were up and running, Mr. Rathod directed two different sets of medical billers, MidMichigan Medical Billing Services and Paramount Home Care. And those are the billers were critical because they were the ones submitting the claims and getting the proceeds, the fraud proceeds, the healthcare reimbursements in the door. You also saw Mr. Rathod using a variety of aliases to obtain insurance policies. Mr. Townsend, unless my colleagues have other questions, I think we understand your argument. Thank you. Okay. Thank you, Your Honor. Then the last issue I'd like to address would be the complaint about the consecutive supervised release sentence here. And I'll be very short. This is a case that there was an explanation for the consecutive supervised sentence. It's clear from the record that the district court understood its discretion to run that sentence consecutively or concurrently. It did a thorough 3553A analysis and fashioning the length of the sentence. And then it went the extra mile to import certain conclusions into its consecutiveness analysis. Thank you. Yes. Thank you, Your Honor. So I will rest on my briefs for the remainder of our arguments and yield the rest of my time. And I'll respectfully ask that the court affirm the judgments of the district court. Okay, Mr. Devan. By way of rebuttal, Judge, first, I'll address the acceptance of responsibility, where the court said, and I quote, in record page 806-807, I do not believe that Mr. Rathod has accepted responsibility for his actions. And she went on to say, it is really telling that he's been, from the time he got out of prison in 2012 case, right back to the kind of fraud against the United States. Now, if you accept her reasoning, then anyone who has a prior record could be denied acceptance of responsibility for getting involved in another case and seeking acceptance of responsibility again. And that is not provided for in the guidelines. It would be specifically provided for if that were, if her reasoning were sound and grounds for denial of acceptance. As to the consecutive sentence on the supervised release violation, I know that the court said, when you look at these violations, they are so really in your face, so similar to what happened before, and they justify consecutive sentencing. Well, that hardly is a finding under 3553A as one of the statutory factors for sentencing. I thank the court. All right. Thank you to both of you for your helpful arguments and briefs. We appreciate it. The case will be submitted and the clerk may call the next case.